ON APPLICATION FOR REHEARING
hPER CURIAM.
This matter arises from a petition filed by the State of Louisiana (“State”) seeking to terminate the parental rights of relator, S.R.C., to her three minor children based on evidence of abuse and neglect. The trial court terminated S.R.C.’s parental rights. She appealed, and the court of appeal reversed the trial court’s judgment.
The State applied to this court, arguing that S.R.C.’s appeal to the court of appeal was untimely under La. Ch. C. art. 332. After reviewing the record, we granted the State’s writ and vacated the judgment of the court of appeal. Our order stated:
Granted. The record indicates the appeal was not taken within fifteen days of the trial court’s judgment, as required by La. Ch.Code art. 332. When no timely appeal was filed, the judgment of the trial court became final and definitive, and the principle of res judicata bars any further review of that judgment. Accordingly, the judgment of the court of appeal is vacated and set aside.
Thereafter, S.R.C. filed an application for rehearing. The rehearing application was untimely on its face. Accordingly, on February 2, 2001, we issued an order stating the rehearing application was not timely filed and would not be considered.
Subsequently, S.R.C. provided evidence that the rehearing application was timely mailed to this court. Based on this information, we set aside our earlier order and granted S.R.C. additional time to file a brief in support of her application for rehearing. In her brief, S.R.C. admits her appeal to the court of appeal was untimely, hbut asks this court to review the case because of the important issues presented.
As we stated in our original order in this case, when no timely appeal was filed, the judgment of the trial court became final and definitive, and the principle of res judicata bars any further review of that judgment. Accordingly, the application for rehearing must be denied.